**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



AVIS SENTELL WHITE,

                **Petitioner,**

v.                                    **CRIMINAL NO. 2:12-CR-082**

UNITED STATES OF AMERICA,

                **Respondent.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Avis Sentell White's ("Petitioner") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 42 ("Pet'r's Mot."). The Government opposed the motion. ECF No. 45 ("Resp. Opp."). Petitioner filed a reply. ECF No. 47 ("Pet'r's Reply"). This matter is now ripe for judicial determination. For the reasons below, Petitioner's motion is **DENIED.**

### I.    FACTUAL AND PROCEDURAL HISTORY

On May 25, 2012, a Grand Jury in the Eastern District of Virginia indicted Petitioner on eight counts. ECF No. 1. Count One charged Petitioner with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 846. *Id.* Count Two charged Petitioner with Maintaining Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(1). *Id.* Counts Three through Six charged Petitioner with Distribution and Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). *Id.* Count Seven charged Petitioner with Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). *Id.* Count Eight charged Petitioner with Felon in Possession of a

Firearm, in violation of 18 U.S.C. § 922(g)(1). *Id.* On September 6, 2012, the Government filed an Information to Establish a Prior Conviction Pursuant to 21 U.S.C. § 851.[1] ECF No. 14. The information was based on Petitioner's 2006 state court conviction for Possession of Cocaine with the Intent to Distribute, in violation of Virginia Code § 18.2-248. *Id.* Petitioner served eleven (11) months in state prison for this offense. *Id.* Consequently, the Government gave notice under § 851, which raised the mandatory minimum in Count One of the Indictment from five (5) years to ten (10) years of incarceration.[2] *Id.*

On September 12, 2012, Petitioner pled guilty to Counts One and Seven of the Indictment. ECF Nos. 15, 16. On December 18, 2012, the Court sentenced Petitioner to 120 months imprisonment on Count One and sixty (60) months imprisonment on Count Seven to be served consecutively, followed by five years of supervised release. ECF No. 28. The Court entered judgment on December 20, 2012. ECF No. 29. On January 30, 2023, Petitioner filed a *pro se* motion for compassionate relief pursuant to Amendment 782. ECF No. 31. On July 20, 2023, Petitioner filed a second *pro se* motion for compassionate relief pursuant to Amendment 782. ECF No. 33. On January 15, 2024, Petitioner filed this Motion through counsel. On February 29, 2024, the Government filed its response in opposition. On March 5, 2024, Petitioner filed a reply.

According to Petitioner's Presentence Investigation Report ("PSR"), from August 2011 to about February 24, 2012, Petitioner regularly sold crack cocaine in quantities ranging from

---

[1] Section 851 provides the following:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

[2] The maximum term of imprisonment increased from forty (40) years to life imprisonment, the fine increased from $5 million to $8 million, and the term of supervised release increased from at least four (4) years to eight (8) years. ECF No. 14.

2

one-quarter to one-half of a gram. ECF No. 26 ¶ 6 ("PSR"). Petitioner sold crack cocaine in Norfolk, VA, and would sometimes possess a firearm when he sold crack cocaine inside of his residence. *Id.* Petitioner and T.D.K. sold at least 18 grams of crack cocaine before February 7, 2012. *Id.* Beginning February 7, 2012, Petitioner sold crack cocaine to a cooperating witness on multiple occasions. *Id.* On February 24, 2012, the Norfolk Police Department arrested Petitioner and T.D.K. and executed a search warrant at Petitioner and T.D.K.'s residence. *Id.* Norfolk Police Department seized 7.512 grams of crack cocaine, two digital scales with crack cocaine residue, three razor blades with crack cocaine residue, a plate with crack cocaine residue, a Hi-point Model 995 9-millimeter rifle, a Smith & Wesson model 64 .38 caliber revolver, and approximately $1,100 in cash. *Id.*

Additionally, Petitioner reported no physical and mental health issues. *Id.* ¶¶ 50–51. Petitioner admitted having substance abuse issues such as frequent alcohol consumption and illegal drug use. *Id.* ¶¶ 52–54. The PSR assessed Petitioner with a total offense level of 25, a criminal history category of VI, and a recommended guidelines sentence of 120–137 months, plus 60 months consecutive. *Id.* ¶ 86. Petitioner is incarcerated at Lee USP with a projected release date of March 1, 2026.[3]

On August 23, 2023, Petitioner submitted a Request for Compassionate Release to the Warden. Pet'r's Mot. at 10. On August 28, 2023, the Warden denied Petitioner's request. *Id.*

## II.   LEGAL STANDARD

### A. The Threshold Requirement Standard

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

---

[3] *See also* Federal Bureau of Prisons, "Find an Inmate," *BOP.gov*, https://www.bop.gov/inmateloc/ (last visited Mar. 8, 2024) (listing Petitioner's release date as Mar. 1, 2026).

[petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies.").

In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule, and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

## B. The Compassionate Release Standard

As amended by the First Step Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary

and compelling reasons" is defined by the United States Sentencing Commission ("Sentencing Commission") in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. Yet after the First Step Act amended § 3582(c)(1)(A) to allow defendants to petition the district court directly without clearance from the BOP, U.S.S.G. § 1B1.13 became advisory and nonbinding on courts' application of § 3582(c)(1)(A) because § 1B1.13 was no longer an "applicable" Sentencing Commission policy statement. *See United States v. McCoy*, 981 F.3d 271, 276, 283 (4th Cir. 2020). Courts were thus "empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). The most recent amendments to the Sentencing Guidelines went into effect on November 1, 2023, and U.S.S.G. § 1B1.13 now contemplates that a defendant may file a motion for compassionate release directly with the district court. *See* U.S.S.G. § 1B1.13(a) (2023). Therefore, § 1B1.13 is now an "applicable" policy statement under § 3582(c)(1)(A), and the Court must ensure that a sentence reduction granted under § 3582(c)(1)(A) is "consistent with" that Guideline. 18 U.S.C. § 3582(c)(1)(A); *see Brown*, --- F. Supp. 3d ---, No. JKB-08-00415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023).

Section 1B1.13(b) identifies five broad categories by which defendants may demonstrate extraordinary and compelling reasons to reduce a sentence: (b)(1) medical circumstances; (b)(2) the defendant's age; (b)(3) family circumstances; (b)(4) whether the defendant was a victim of abuse; (b)(5) other reasons (catch-all provision);[4] and (b)(6) whether the defendant received an unusually long sentence. § 1B1.13(b)(1)–(6). Section 1B1.13(b)(6) provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines

---

[4] This catch-all provision allows courts to continue to exercise discretion in considering "any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284; *see Brown*, 2023 WL 8653179, at *2 ("This catchall maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release.").

Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

However, there are limitations on the changes in law being extraordinary and compelling to warrant a sentence reduction. § 1B1.13(c). The amended policy statement provides that "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists." *Id.* If a defendant can show that extraordinary and compelling reasons exist to warrant a sentence reduction under this policy statement, then the court may consider it. *Id.* Nevertheless, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, when evaluating whether extraordinary and compelling circumstances exist to modify a sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

### III.    DISCUSSION

#### A. The Threshold Requirement

The Court finds that Petitioner satisfied the threshold requirement. The Government does not contest such. *See* Resp. Opp at 8 n.3. On August 23, 2023, Petitioner submitted a request for compassionate release to the Warden. Pet'r's Mot. at 10. On August 28, 2023, the Warden denied Petitioner's request. *Id.* Accordingly, on January 15, 2024, Petitioner filed this Motion through counsel. Thus, Petitioner meets the threshold requirement because more than 30 days have passed since Petitioner filed his request to the Warden.

#### B. Petitioner's Compassionate Release Request

The Court now addresses whether Petitioner has set forth extraordinary and compelling reasons to modify his sentence. Petitioner argues that the changes in the law create a

6

disproportionate sentence warranting compassionate release under U.S.S.G. § 1B1.13(b)(6) and (c). Pet'r's Mot. at 5–10. Additionally, Petitioner argues his rehabilitative efforts warrant compassionate release under U.S.S.G. § 1B1.13(d). *Id.* at 11–13. Lastly, Petitioner argues the sentencing factors under 18 U.S.C. § 3553(a) support compassionate release. *Id.* Therefore, Petitioner asks the Court to reduce his sentence to 144 months or time served. *Id.* at 3.

### i. Changes in the Law

Most of Petitioner's Motion focuses on the changes in the law, particularly Amendment 782, 21 U.S.C. § 841, and Amendment 821, which allegedly creates a gross disparity between the sentence Petitioner received and the sentence he would have received if sentenced today. Pet'r's Mot. at 7. Additionally, both parties agree Petitioner has served at least ten (10) years of his sentence. *See* Resp Opp. at 8. Thus, the Court will examine each change in law separately.

#### a. Impact of Amendment 782

In 2014, the Sentencing Commission passed Amendment 782, which reduced the overall base offense level for drug offenses in U.S.S.G. § 2D1.1 by two levels. *See* U.S.S.G. Supp. App. C., amend. 782 (2014). The applicable policy statement, § 1B1.10, makes Amendment 782 retroactive in a case in which a defendant is serving a term of imprisonment. In this case, Petitioner would not have been able to benefit from Amendment 782 in 2014 because his mandatory minimum sentence was still above the revised recommended guideline range, although his base offense level decreased by two levels.[5] See chart below.

---

[5] Section 5G1.1(b) provides: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." (2014).

| Guideline Calculation | | |
| --- | --- | --- |
| § 2D1.1(c) Drug Quantity: 28 G but less than 112 G of Cocaine Base | | |
| | Sentencing 12/20/2012 | Amendment 782 |
| Base Offense Level | 26 | 24 |
| Maintain Premises for Manufacture or Distribution | +2 | +2 |
| Acceptance of Responsibility | -3 | -3 |
| Adjusted Offense Level | 25 | 23 |
| Criminal History Category | Category VI | Category VI |
| Guideline Range | 110–137 months on Count 1, plus 60 months on Count 7 | 92–115 months on Count 1, plus 60 months on Count 7 |
| Statutory Minimum | Count 1: 120 months Count 7: 60 months | Count 1: 120 months Count 7: 60 months |
| Sentence Imposed | 180 months (combined sentence) | 180 months (combined sentence) *Suggested sentence* |

Thus, Petitioner could not have benefited from a 92–115 months guidelines range when Amendment 782 took effect.

### b.   *Impact of 21 U.S.C. § 841*

At the time of Petitioner's sentence, 21 U.S.C. § 841(b)(1)(B)(iii) provided that if a person violated the statute "after a prior conviction for a *felony drug offense* has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years . . . ." 21 U.S.C. § 841(b)(1)(B)(iii) (2010) (emphasis added). The First Step Act amended the statute to provide that if a person violated the statute "after a prior conviction for a *serious drug felony* or serious violent felony has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years . . . ." 21 U.S.C. § 841(b)(1)(B)(iii) (2018) (emphasis added). Thus, under the First Step Act, "felony drug offense" is no longer included in the statute. "Felony drug offense" is defined as an offense that "is punishable by imprisonment

8

for more than one year under any law of the United States or of a State or foreign country . . . ."
21 U.S.C. § 802(44). Whereas "serious drug felony" is defined as "an offense described in
section 924(e)(2) of Title 18 for which the offender served a term of imprisonment of more than
12 months." 21 U.S.C. § 802(57)(A). Thus, if sentenced today, a person must have a prior
conviction qualifying as a "serious drug felony" rather than a "felony drug offense" to trigger an
enhancement under 21 U.S.C. § 851. This means that Petitioner would not have faced an
enhanced mandatory minimum of ten (10) years from five (5) years under § 841 today because
his prior conviction resulted in an eleven (11) month sentence, which is not considered a "serious
drug felony" under current law. As such under current law, Petitioner's sentencing range would
have been five (5) to forty (40) years imprisonment for violation of § 841 because § 851 would
not have applied to trigger an enhancement.

### c.  Impact of Amendment 821

In 2023, the Sentencing Commission passed Amendment 821, which made significant
changes to the way criminal history points are calculated under the guidelines. *See* U.S.S.G
Supp. App. C., amend 821 (2023). At the time of Petitioner's sentencing, the sum of his criminal
history points was eleven (11). Pursuant to § 4A1.1(d),[6] Petitioner received an additional two (2)
points because he committed the instant offense while under a criminal justice sentence, totaling
thirteen (13) criminal history points, placing Petitioner in Criminal History Category VI.
However, because of Amendment 821, the Sentencing Commission replaced § 4A1.1(d) with §
4A1.1(e) which states, "Add **1** point if the defendant (1) receives 7 or more points under
subsections (a) through (d), and (2) committed the instant offense while under any criminal

---

[6] Section 4A1.1(d) states: "Add 2 points if the defendant committed the instant offense while under any
criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or
escape status." (2014).

9

justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." (2023). Consequently, if sentenced today, Petitioner would have received one (1) additional criminal history point, totaling twelve (12) criminal history points, placing Petitioner in Criminal History Category V.

Accordingly, in light of the recent changes to the law, Petitioner's guideline range would be the following:

| Guideline Calculation | | |
|---|---|---|
| § 2D1.1(c) Drug Quantity: 28 G but less than 112 G of Cocaine Base | | |
| | Sentencing 12/20/2012 | Amendment 782 + Amendment 821 |
| Base Offense Level | 26 | 24 |
| Maintain Premises for Manufacture or Distribution | +2 | +2 |
| Acceptance of Responsibility | -3 | -3 |
| Adjusted Offense Level | 25 | 23 |
| Criminal History Category | Category VI | Category V |
| Guideline Range | 110–137 months on Count 1, plus 60 months on Count 7 | 84–105 months on Count 1, plus 60 months on Count 7 |
| Statutory Minimum | Count 1: 120 months Count 7: 60 months | Count 1: 60 months Count 7: 60 months |
| Sentence Imposed | 180 months | 144 months *Suggested sentence* |

If sentenced today, Petitioner would benefit from the changes in the law. Petitioner's base offense level will decrease by two levels under Amendment 782, his previous state court conviction no longer qualifies as a "serious drug felony" under § 841 and would not trigger an enhanced mandatory minimum under § 851, and lastly, Petitioner's criminal history points reduce his Criminal History Category from VI to V under Amendment 821.

### d. The Government's Challenge to § 1B1.13(b)(6) and (c)

The Government does not dispute that if sentenced today, Petitioner's previous state

court conviction would not qualify for a recidivist enhancement because his previous conviction was not a "serious drug felony" for purposes of § 841 recidivist enhancement. *See* Resp Opp. at 8. However, the Government argues that Petitioner cannot establish that a change in the law resulted in a gross sentencing disparity. *Id.* The disparity between Petitioner's sentence of 180 months and the 144 months suggested sentence likely to be imposed today is thirty-six (36) months. *Id.* at 9. The disparity between Petitioner's sentence of 180 months and the lowest possible sentence (the current combined mandatory minimum) is sixty (60) months. *Id.* The Government argues that the disparity is no more than sixty (60) months, and is not a gross disparity. *Id.* Additionally, the Government argues that Petitioner's sentence is not unusually long given the aggravating circumstances present in this case. *Id.*

Here, the Court finds that the sentence Petitioner received compared to the sentence he would have received today creates a disparity because of the changes in the law. The Court sentenced Petitioner to 120 months on the conspiracy offense, plus sixty (60) months mandatory on the § 924(c) offense, totaling 180 months imprisonment. Although his sentence was on the low end of the guidelines in 2012, the sentence is still far more punitive than it would have been in 2023. The difference between Petitioner's sentence and the sentence today would be thirty-six (36) months, which is an unusually long sentence creating a disparity. *See e.g., United States v. Howard*, No. CR ELH-13-0629, 2024 WL 112010, at *17 (D. Md. Jan. 10, 2024) (finding twenty-one (21) month difference between the defendant's sentence and the sentence the defendant would receive today amounts to a gross disparity). Thus, the Court concludes that Petitioner's sentence is unusually long and creates a disparity.

### ii.    *Rehabilitation*

Petitioner argues that he has rehabilitated himself while in prison. Pet'r's Mot. at 11.

Petitioner states that he completed the BRAVE Program, Getting Out! Job Search Skills and Post-Release Preparation courses, and earned his High School Equivalency Credential. *Id.* However, the record does not reflect that Petitioner has sought skills to return to the community. The Court recommended Petitioner enroll in a vocational program while at the BOP and he has not done so. *See* ECF No. 29 ("Judgment"). Petitioner spent over ten (10) years in prison and has not taken up a trade while at the BOP to prepare for his reentry to society. Although the Court recognizes and commends Petitioner for his participation in various educational and rehabilitative courses, these efforts are not extraordinary and compelling to warrant compassionate release. *See* U.S.S.G. § 1B1.13(d) (stating "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."); *United States v. Woolridge*, No. 3:09CR156 (DJN), 2021 WL 415131, at *7 (E.D. Va. Feb. 5, 2021); *United States v. Ahmad*, No. 1:11-cr-554-TSE, ECF No. 75 (E.D. Va. Apr. 8, 2021) (finding that the defendant's coursework did not support compassionate release, reasoning that "[i]t is not uncommon for a defendant to take educational classes to pass the time in prison"). Petitioner is expected to follow the rules and improve himself while in prison. *United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021). The Court is not convinced Petitioner is prepared to return to the community. Thus, Petitioner has not established his rehabilitative efforts justify compassionate release.

### iii.   *Section 3553(a) Factors*

The Court finds that the § 3553(a) factors do not weigh in favor of Petitioner's compassionate release. The seriousness of Petitioner's conduct in selling twenty-eight (28) grams or more of crack cocaine remains unchanged. Petitioner's criminal history background concerns the Court as he has demonstrated no respect for the law beginning at age 19. PSR ¶ 16. The BOP

12

also classifies Petitioner as a high risk for recidivism after more than ten (10) years in prison. Resp. Opp. Ex. 2 at 2.

Additionally, Petitioner's release plan does not adequately protect the public from the potential of a subsequent offense. If released, Petitioner plans to live with his mother, Demetria Phillips, likely in the same apartment building in Norfolk, VA, where he resided before his arrest in this case. *See* PSR; Pet'r's Mot. at 12. Petitioner notes he hopes to work at the Norfolk Shipyard and has considered earning income through a temporary employment agency until he can find permanent employment. Pet'r's Mot. at 12. However, during the ten (10) years Petitioner has been in BOP custody, he has been unemployed and lacks vocational skills. The Court is surprised that Petitioner has plans to seek employment outside of custody but refuses to find employment while in custody. The Court is also not convinced that returning Petitioner to the same community where he resided before his arrest is productive given that Petitioner lacks a vocational skill, leading him to likely re-offend again. Despite the changes in the law supporting that Petitioner's sentence creates a disparity, the Court finds that the § 3553(a) factors do not weigh in Petitioner's favor and his release would not promote the respect for law or provide adequate deterrence. Critically, Petitioner has not obtained a job during his ten (10) years in BOP custody and lacks vocational skills. Therefore, Petitioner does not qualify for compassionate release.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner has not shown an extraordinary and compelling reason to grant compassionate release. Thus, Petitioner's Motion for Compassionate Release, ECF No. 42, is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States

Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Norfolk, Virginia
June 17, 2024

_____
Raymond A. Jackson
United States District Judge